UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                                                                   **Hon. Hugh B. Scott**

v.

                                                                                                                     10CR262S

JACQUELINE BONTZOLAKES,                                                      **Order**

        Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 20).

The instant matter before the Court is defendant's omnibus motion which seeks the following relief: discovery and inspection; notice of evidence; production of <u>Brady</u> materials; Federal Rules of Evidence 404(b), 608, 609 disclosures; disclosure of witness statements; and preservation of rough notes (Docket No. 28).

The Government has filed responding papers (Docket No. 32) and oral argument was heard on February 4, 2011 (text minute entry, Feb. 4, 2011; <u>see</u> Docket No. 31), with further status conferences on February 18, 2011 (Docket No. 34), March 9, 2011 (text minute entry, Mar. 9, 2011), and April 7, 2011 (Docket No. 35). Separately, defendant moved to suppress statements (Docket No. 37), which had a suppression hearing on May 12, 2011 (Docket No. 40 (minutes); Docket No. 51 (transcript)), with post-hearing briefing completed on October 20, 2011

(Docket No. 56; see Docket No. 57,Gov't Post-Suppression Hearing Memo.; Docket No. 58, Def. Post-Hearing Memo.). Both motions were deemed submitted on October 23, 2011.

## BACKGROUND

Defendant is charged in a three-count Indictment with two counts of violation of 18 U.S.C. § 1204 (international parental abduction), one count for each child allegedly abducted, and one count of making a false statement, in violation of 18 U.S.C. § 1001(a)(2) (Docket No. 19).

Defendant is the biological mother of three children ("N.G.", "Z.B." and "M.B."), two of which are subject of this prosecution (N.G. and Z.B.). The father of N.G. had sole custody of N.G., while the father of Z.B. had joint custody of Z.B. with defendant. Defendant obtained passports for N.G. and Z.B. without the consent of the fathers. On February 15, 2010, defendant and her three children (including N.G. and Z.B.) boarded a flight from Toronto, Canada to Barbados. On February 16, 2010, N.G.'s father reported N.G. missing. On or about February 22, 2010, Z.B.'s father reported Z.B. missing. Defendant remained in Barbados with her children until March 24, 2010, when her visa to Barbados expired. She was arrested and deported to the United States.

During various status conferences held in this case, on March 9, and April 7, 2011, the Government reported that it produced much of what defendant seeks in its voluntary disclosure.

## DISCUSSION

I.   Discovery

Defendant first seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a

pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. Defendant also seeks notice of evidence the Government intends to use for potential motions to suppress (Docket No. 28, Def. Atty. Affirm. ¶¶ 4-7).

The Government responded that it had produced and would continue to produce discovery sought in the voluntary discovery furnished (Docket No. 32, Gov't Response at 2).

II.     Brady

Defendant next has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which she seeks to obtain. The Government's response is that it will provide this material as ordered by the District Court in its pretrial Order (Docket No. 32, Gov't Response at 3).

3

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for each defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

III.     Federal Rules of Evidence 404(b), 608, 609 Materials

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 28, Def. Atty. Affirm. ¶¶ 18-21).  She also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should she testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 22-24, 25).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any

such evidence it intends to use at trial." The Government has represented that, if it decides to introduce Rule 404(b) evidence at trial, it will provide notification well in advance of trial (Docket No. 32, Gov't Response at 4). This **is sufficient** in this case.

IV. Jencks Act Material–Government Witnesses' Statements

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2 at some point prior to trial (Docket No. 28, Def. Atty. Affirm. ¶¶ 26-32, 32). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information prior to trial (Docket No. 32, Gov't Response at 4). Defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case; thus, the Government's proposed timing for disclosure **is sufficient**.

V. Preservation of Rough Notes

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 28, Def. Atty. Affirm. ¶¶ 34-37). The Government has not responded to this motion. Therefore, the Government is **directed** to preserve these rough notes.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 28) is **granted in part, denied in part** as specified above.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 31, 2011